KUENZI and another, Appellants, vs. LEISTEN and another, Respondents.

*March 17—April 12, 1938.*

The cause was submitted for the appellants on the briefs of *Lueck, Skupniewitz & Lueck* of Beaver Dam, and for the respondents on the brief of *Hooker & Wagner* of Waupun.

FRITZ, J. The court's decision awarding costs against the plaintiffs was based on its conclusions that, (1) inasmuch as the plaintiffs predicated their right to injunctional relief to obtain the use of the silo filler upon an agreement between the defendants and themselves, as co-owners, and (2) as the damages recovered by the plaintiffs were less than $100, therefore the defendants,—instead of the plaintiffs,—were entitled to costs in view of the provision in sec. 271.03 (1), Stats., that—

"Costs shall be allowed of course to the defendant in the actions mentioned in section 271.01 unless the plaintiff be entitled to costs, . . . ;"

and the provisions in sec. 271.01, Stats., that,—

"Costs shall be allowed of course to the plaintiff upon a recovery in the following cases, except when otherwise provided by law: . . . (6) . . . and in an action on contract when the plaintiff shall recover one hundred dollars or more."

That decision cannot be sustained. The plaintiffs' cause of action was not "an action on contract" within the mean-

ing of sec. 271.01 (6), Stats., requiring the recovery of at least $100 by the plaintiff in an action on contract to entitle him to costs.

On the contrary, plaintiffs' cause of action was primarily for equitable relief by injunction to restrain the defendants from denying the use of the machine to the plaintiffs, and to compel performance by the defendants of the agreement between the parties as to such use. Thus the prayer in the complaint was for an injunction enjoining the defendants from denying plaintiffs the right to use the machine at due and proper times, and for relief by the court fixing the times at which each party was to have such use; and it was but in connection therewith that the plaintiffs asked for the recovery of the damages which they sustained by the denial of the use of the machine to them. And upon the cause of action alleged in the complaint, equitable relief was granted by an *ex parte* injunction, and subsequently by an order, upon a hearing fixing a schedule for the use of the machine by the plaintiffs and the other co-owners. Manifestly, in view of the equitable relief sought and rightly granted, because the facts alleged and proven established a cause of action for such relief, the action was not within the jurisdiction of a justice of the peace. Consequently, the allowance of costs was governed by the provisions in sec. 271.01, Stats., that "costs shall be allowed of course to the plaintiff upon a recovery in the following cases, . . . (3) In an action of which a justice's court has no jurisdiction." Therefore, in so far as the awards of costs are concerned, the judgment must be reversed with directions to adjudge the recovery of costs in accordance with the provisions in sec. 271.02 (2), Stats., relating to the allowance of costs in equitable actions.

On defendants' notice of review they contend that the plaintiffs cannot recover for losses due to the withholding of the use of the machine by the defendants; and that the

amount assessed and awarded as damages was not warranted under the evidence. Those contentions cannot be sustained. Although there is some conflict in the evidence, it fairly admitted finding that the defendants unreasonably denied the use of the machine to the plaintiffs; that, until after the court's order *pendente lite* fixing a schedule as to the order in which the co-owners were to use the machine, it was not in use for four days, during which it could have been used by the plaintiffs, but for the defendants' denials, to cut and store as silage five or six acres of cut corn which each had to leave lying in the fields exposed to rain; and that by reason thereof the corn was damaged, and its value was impaired to such an extent that the awards of $25 and $30 to Kuenzi and Warber, respectively, were not excessive. The weight and credibility of the evidence were of course for the jury and the court in adopting the jury's findings; and as they are warranted by the evidence, and are not in conflict with the rule as to the measure of damages stated in the court's instructions,—which were proper and applicable in all respects,—the court's conclusions and awards based thereon must be sustained.

*By the Court.*—Judgment affirmed, with the exception that the provisions therein in relation to costs and offsetting them against the damages awarded to the plaintiffs are reversed with directions to adjudge the recovery of costs in accordance with the opinion.